COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-107-CR

BRENT BENNETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

Appellant Brent Bennett attempts to appeal from the trial court’s determination to proceed with an adjudication of his guilt.  Bennett received ten years’ deferred adjudication community supervision for the offense of indecency with a child by contact.  Subsequently, during the last year of Bennett’s community supervision, the State filed a petition to proceed to an adjudication of Bennett’s guilt, alleging that Bennett had violated terms of his community supervision by failing to complete the sexual offender program by a specific date as directed by the trial court and by failing to attend, on or about December 14, 2005,  treatment sessions with Michael Strain and Associates, an organization that provides sex offender treatment and counseling.  Bennett filed a motion to quash the State’s petition, alleging that the petition failed to adequately specify exactly how Bennett had violated his community supervision.  The trial court denied Bennett’s motion, proceeded to hear the State’s petition, and ultimately adjudicated Bennett guilty of the underlying offense.  On appeal, Bennett attempts to challenge the trial court’s denial of his motion to quash. 

The Texas Legislature has statutorily limited a defendant’s right to appeal following a trial court’s determination to adjudicate his guilt after he has been placed on deferred adjudication community supervision.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006).  
The Legislature has authorized an appeal of only two types of orders related to deferred adjudication:  (1) an order granting deferred adjudication, and (2) an order imposing punishment pursuant to an adjudication of guilt.  
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).  

Here, the ruling that Bennett attempts to appeal is neither the initial order granting him deferred adjudication nor the order imposing punishment pursuant to an adjudication of guilt.  Instead, it is a ruling related to the trial court’s determination to proceed with an adjudication of guilt, which Bennett cannot appeal.  
See, e.g., id.
 (holding that alleged error in failing to provide counsel at adjudication hearing cannot be challenged by appeal); 
Hogans v. State
, 176 S.W.3d 829, 836 (Tex. Crim. App. 2005) (holding that alleged ineffective assistance of counsel at adjudication hearing cannot be challenged by appeal where it had no direct or distinct effect on the punishment phase); 
see also Connolly v. State
,
 
983 S.W.2d 738, 741 (Tex. Crim. App. 1999); 
Phynes v. State
, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992)
;
 Olowosuko v. State
, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (all holding that complaints arising in or before proceeding to adjudicate guilt could not be challenged by appeal).  Because Bennett’s appeal is barred by article 42.12, section 5(b), we dismiss Bennett’s sole point and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL F: CAYCE, C.J.; WALKER and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 12, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.