COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-291-CR

BRANDON D. HOLLEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brandon D. Hollen pled guilty pursuant to a plea bargain to aggravated assault with a deadly weapon, and the trial court placed him on ten years’ deferred adjudication community supervision.  The State filed a petition to adjudicate, contending that Appellant had violated a condition of his community supervision.  Specifically, the State alleged that Appellant had failed to successfully complete SAFP (Substance Abuse Felony Program). At the adjudication hearing, Appellant pled true to the allegation that he had violated the SAFP condition of his deferred adjudication community supervision.  After the hearing, the trial court adjudicated Appellant’s guilt and sentenced him to fifteen years’ confinement.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 2)  This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3)
 In a case such as Appellant’s, our independent review for potential error is limited to potential errors not involving the decision to adjudicate and potential errors occurring after adjudication.
(footnote: 4)  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.
(footnote: 5)  We therefore grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
See 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); 
see also 
Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon Supp. 2006),
 amended by
 Act effective June 15, 2007
, 80th
 Leg., R.S., S.B. 909 (to be codified as an amendment of 
Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b)).  This amendment does not affect this appeal.

5:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).