COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-06-291-CR

 

 

BRANDON D.
HOLLEN                                                          APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Brandon D. Hollen pled guilty pursuant
to a plea bargain to aggravated assault with a deadly weapon, and the trial
court placed him on ten years=
deferred adjudication community supervision. 
The State filed a petition to adjudicate, contending that Appellant had
violated a condition of his community supervision.  Specifically, the State alleged that
Appellant had failed to successfully complete SAFP (Substance Abuse Felony
Program). At the adjudication hearing, Appellant pled true to the allegation
that he had violated the SAFP condition of his deferred adjudication community
supervision.  After the hearing, the
trial court adjudicated Appellant=s guilt
and sentenced him to fifteen years=
confinement.

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in her professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.[2]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.

Once an appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf.[3]








In a case such as Appellant=s, our
independent review for potential error is limited to potential errors not
involving the decision to adjudicate and potential errors occurring after
adjudication.[4]  Our independent review of the record reveals
that counsel has correctly determined that there are no arguable grounds for
relief.[5]  We therefore grant the motion to withdraw
filed by Appellant=s counsel and affirm the trial
court=s
judgment.

 

PER CURIAM

PANEL F:  DAUPHINOT, GARDNER,
and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).





[3]Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[4]See Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); see also Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon Supp. 2006), amended by Act effective June 15, 2007, 80th Leg.,
R.S., S.B. 909 (to be codified as an amendment of Tex. Code Crim. Proc. Ann. art. 42.12, '
5(b)).  This amendment does not affect
this appeal.





[5]See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).