Thomas J. DAVIS, Appellant,

v.

The STATE of Texas.

No. PD–0078–05.

Court of Criminal Appeals of Texas.

June 28, 2006.

Audrey Mullert Vicknair, Corpus Christi, for Appellant.

Douglas K. Norman, asst. District Atty., Corpus Christi, Matthew Paul, State's atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

We know that in the usual case there is no appeal from a trial court's determination to adjudicate guilt because there is a statutory prohibition against it.[1] The question before us is whether there is an exception to that prohibition for claims that attack a trial court's jurisdiction to act. In this case, appellant alleges that he was denied counsel at an earlier hearing at which the term of his supervision was extended and that the lack of counsel caused the extension and the subsequent adjudication both to be void. We hold that there is no jurisdictional exception to the prohibition against appealing the determination to adjudicate guilt.

## I. BACKGROUND

### A. Facts

On August 31, 1999, appellant pled guilty to indecency with a child. Pursuant to a plea agreement, he was placed on deferred adjudication for two years. On May 18, 2001, the trial court decided to review the progress of appellant's supervision but recessed to give him the opportunity to obtain counsel. When the hearing was convened six days later, appellant was without counsel, but he had consulted an attorney about the matter and indicated that he was ready to proceed. Testimony at the hearing did not establish any violation of the conditions of community supervision. Appellant was, however, shown to have given deceptive responses on two out of four polygraph examinations, and the trial court extended the period of appellant's supervision by one year. On February 13, 2002, at a hearing at which appellant was represented by counsel, his supervision was extended by two more years, and on September 19, 2002, the State filed a motion to adjudicate. After appellant pled true to several of the State's allegations, the trial court adjudicated guilt and sentenced appellant to ten years in prison.

### B. Court of Appeals Opinion

Appellant appealed, claiming that the trial court lacked jurisdiction to adjudicate guilt because the first purported extension of community supervision on May 24th was a nullity due to the absence of counsel.[2] Despite the existence of a written waiver of appeal from the adjudication hearing, the Court of Appeals concluded that it could consider appellant's claim because the waiver was invalid[3] and because the claim involved an error unrelated to appellant's conviction.[4] The court did not, however, discuss whether the claim was barred by the statutory prohibition against appeal from a trial court's determination to adjudicate guilt.[5]

Regarding the merits of the claim, the Court of Appeals held that the trial court

1. Tex.Code Crim. Proc., Art. 42.12, § 5(b). All future references to articles are to the Texas Code of Criminal Procedure.

2. *Davis v. State*, 150 S.W.3d 196, 200–204 (Tex.App.-Corpus Christi 2004).

3. *Id.* at 200, 205.

4. *Id.* at 207–208.

5. *Id., passim; see* Tex.Code Crim. Proc., Art. 42.12, § 5(b).

denied appellant his right to counsel at the May 24th hearing by failing to admonish him regarding the dangers and disadvantages of self-representation and by failing to determine whether he was indigent.[6] The court held that this denial rendered void the extension of the supervision period.[7] Relying upon *Ex parte Fulce*,[8] the appellate court concluded that, because the subsequent adjudication of guilt occurred outside of the authorized period of supervision, the adjudication itself was also a nullity.[9]

## II. ANALYSIS

With regard to a trial court's adjudication of guilt, Article 42.12, § 5(b) provides: "No appeal may be taken from this determination."[10] We have recently reaffirmed that this language means that "the courts of appeals do not have jurisdiction to consider claims relating to the trial court's determination to proceed with an adjudication of guilt on the original charge."[11] This means, for one thing, that an appellate court cannot consider on appeal a claim that the defendant's right to counsel was violated at the adjudication hearing.[12] The present case involves an alleged violation of the right to counsel. The question is whether the timing of the alleged violation changes the outcome of the case. We find that it does not.

Some aspects of a deferred adjudication proceeding are appealable; some are not. "[A]n appellate court must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided a right to appeal."[13] We first address the question of whether the May 24th determination to extend the term of supervision was independently appealable.

In *Basaldua v. State*, we recognized, in the "regular" probation context, that the Legislature has authorized appeal in two instances: (1) from an order granting probation and (2) from an order revoking probation.[14] There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision.[15] A complaint about a modification can, however, be raised in an appeal from a revocation if the validity of the revocation depends on the validity of the modification. In *Rickels v. State*, the defendant's conditions of probation were modified to impose an additional condition.[16] His probation was later revoked for violating that added condition. He complained on appeal from the revocation that the added condition was too vague to be enforced. We held that Rickels was entitled to complain about the added condition of probation at that time because he had no opportunity to object at

---

6. *Davis*, 150 S.W.3d at 210.

7. *Id.*

8. 993 S.W.2d 660 (Tex.Crim.App.1999).

9. *Davis*, 150 S.W.3d at 210.

10. Art. 42.12, § 5(b).

11. *Hogans v. State*, 176 S.W.3d 829, 832 (Tex. Crim.App.2005).

12. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim. App.1992).

13. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992).

14. *Id.*

15. 558 S.W.2d 2, 5 (Tex.Crim.App.1977). But an appeal is now authorized from the denial of an application for writ of habeas corpus under Art. 11.072. No question concerning the invocation of that article is before us in this case.

16. 108 S.W.3d 900, 902 (Tex.Crim.App.2003).

the time it was imposed.[17] Implicit in our opinion was the understanding that the modification was appealable only because it affected the validity of the later revocation proceeding. A complaint about a condition that was not a basis for revocation, for instance, would not have been considered.

■ Deferred adjudication is analogous up to a point. With regard to deferred adjudication, the Legislature authorized appeal of only two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment pursuant to an adjudication of guilt.[18] It follows from our reasoning in *Basaldua*, and the result in *Rickels*, that an order modifying the terms or conditions of deferred adjudication is not in itself appealable.

But unlike with "regular" probation, the Legislature has specifically barred appeal from the determination to adjudicate. There is, therefore, no opportunity on appeal to challenge a modification of deferred-adjudication supervision as a basis for overturning an adjudication.

The question remaining is whether the "jurisdictional" nature of appellant's claim somehow exempts it from the statutory prohibition against appealing the trial court's decision to adjudicate, so that the modification may be challenged as part of the appeal from the revocation. The Court of Appeals relied upon *Fulce* for the proposition that an unauthorized extension of the term of probation renders a revoca-

tion outside the original term "a nullity." [19] But *Fulce* is not controlling because it is a habeas case [20] and § 5(b) does not act as a bar in habeas proceedings.[21] The question in this case is whether appellant is entitled to seek relief on direct appeal, not by way of habeas corpus. *Connolly v. State*[22] and *Hogans v. State* do contain language suggesting that jurisdictional claims may be exempt from § 5(b)'s prohibition against appeal, but the language is *dicta* because the issue was not presented in those cases.

In *Connolly*, this Court held that § 5(b) barred a claim that the evidence was insufficient to show that the State had exercised due diligence in apprehending the defendant.[23] We distinguished two earlier cases that had entertained the issue on appeal by saying that the Court in those cases had "operated under the notion that due diligence was a jurisdictional matter and could be raised on appeal despite Article 42.12, § 5(b)." [24] But neither of those cases addressed the applicability of the provision barring appeal of the adjudication determination.[25] So while the *Connolly* court may have been correct in believing that the earlier cases were influenced by the "notion" that jurisdictional issues were exempt from § 5(b)'s appellate prohibition, such a notion was at best implied, and the cases did not attempt to lend any actual support to it. And since *Connolly* repudiated one of the main results of those cases (the consideration of due diligence on appeal), we do not find particularly persua-

17. *Id.* at 902.

18. *See* Arts. 44.01(j), 42.12, § 5(b); *Olowosuko*, 826 S.W.2d at 941–942.

19. *Davis*, 150 S.W.3d at 207, 208.

20. *See Fulce*, 993 S.W.2d at 661.

21. *Ex parte Carmona*, 185 S.W.3d 492 (2006).

22. 983 S.W.2d 738 (Tex.Crim.App.1999).

23. 983 S.W.2d at 741.

24. *Id.* (citing *Prior v. State*, 795 S.W.2d 179, 184 (Tex.Crim.App.1990) and *Langston v. State*, 800 S.W.2d 553, 554 (Tex.Crim.App. 1990)).

25. *See Prior* and *Langston, passim.*

sive any implied notions that the cases did not support.

In *Hogans*, we cited *Nix v. State*[26] for the proposition that the "Legislature's prohibition [in § 5(b) ] includes all complaints related to the trial court's decision to proceed to an adjudication of guilt, except for those challenging the trial court's jurisdiction."[27] *Nix*, however, spoke of the "void judgment exception" only in connection with *Manuel*,[28] which extended to the deferred adjudication context the doctrine that a defendant may not attack an original plea during an appeal from a revocation.[29] We recognized that the doctrine was borrowed from a line of "regular" probation cases,[30] to which, of course, § 5(b) does not even apply. *Manuel's* adoption of the doctrine prohibiting such appeals was based upon the passage of Article 44.01(j)[31] and not upon the prohibition against appeal found in Article 42.12, § 5(b). To the extent that a "void judgment" claim might be possible under *Nix*, it would be only as an attack on the original plea proceedings imposing deferred adjudication, not on a trial court's jurisdiction to adjudicate based upon subsequent events.

A recent decision in a similar context suggests that we should not find a "jurisdictional" exception to a prohibition against appeal when the statutory language does not appear to contain one.[32] In *Griffin*, we addressed the legislative "proviso" limiting a plea-bargaining defendant's right to appeal.[33] Although the proviso had been repealed pursuant to the Court's rule-making authority, we were obliged to maintain its substantive provisions because our rules are not permitted to "abridge, enlarge, or modify the substantive rights of a litigant."[34] We held that the plain language of former Article 44.02 "includes nothing to indicate that the legislature intended to exempt jurisdictional issues from the general limits of the proviso."[35] We found that this Court had inappropriately inserted a jurisdictional exemption in past caselaw and in an earlier version of one of our rules of appellate procedure but had corrected the situation by omitting "jurisdiction" from the latest version of the rule.[36]

As with the legislative proviso, the prohibition found in § 5(b) contains no jurisdictional exception. The sentence in question simply says: "No appeal may be taken from this determination." A jurisdictional attack on the trial court's determination is still an attack on that determination, and it may not be advanced on appeal.

The judgment of the Court of Appeals is reversed, and the trial court's judgment is affirmed.[37]

---

26. 65 S.W.3d 664 (Tex.Crim.App.2001).

27. 176 S.W.3d at 832 n. 6 (citing *Nix*, 65 S.W.3d at 667–668).

28. *Manuel v. State*, 994 S.W.2d 658 (Tex. Crim.App.1999).

29. *Nix*, 65 S.W.3d at 667.

30. *Id.*

31. Article 44.01(j) gave defendants on deferred adjudication the same right to appeal as those on regular probation. *Id.* at 670–671.

32. *Griffin v. State*, 145 S.W.3d 645 (Tex.Crim. App.2004).

33. *Id.* at 646–647 (discussing former Art. 44.02).

34. *Id.* at 647.

35. *Id.* at 648.

36. *Id.* at 648–649.

37. There are no unresolved issues in this appeal.

JOHNSON and KEASLER, JJ., concurred in the result.

COCHRAN, J., filed a concurring opinion in which MEYERS, HERVEY, and HOLCOMB, JJ., joined.

COCHRAN, J., filed a concurring opinion in which MEYERS, HERVEY, and HOLCOMB, JJ., joined.

I join the majority opinion with the understanding that appellant, though precluded from raising a claim—alleging the improper extension of his community supervision term—on direct appeal, is not precluded from raising that same claim in a post-conviction writ of habeas corpus.