In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-366 CR


____________________



JOEL PHILLIP BRISTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 02-11-07662-CR






 MEMORANDUM OPINION 


 This case involves deferred adjudication and community supervision. After revoking
Joel Phillip Brister's community supervision, the trial court sentenced him to eighteen
months confinement in a state jail facility. Brister raises two appellate issues regarding the
trial court's jurisdiction. We find we have no jurisdiction to consider this appeal.



Background


 Brister pled guilty in November 2002 to possession of a controlled substance. In
Brister's "Motion and Agreement For Drug Court Diversion and Postponement of
Sentencing," he requested that the trial court postpone sentencing him and allow him to
participate in C.A.R.E , a Montgomery County Drug Court program. (1) The trial court granted
Brister's motion and ordered him to comply with the terms of agreement contained in his
motion (hereafter "Diversion Agreement" or "Agreement"). 

 In part, the Diversion Agreement required Brister to satisfactorily complete a
treatment program and to post a personal recognizance bond. (2) The Agreement further
allowed the trial court to revoke Brister's bond and issue a detainment order if Brister
violated any of the Agreement's terms. Also, the Agreement allowed the trial court the
option to either reinstate Brister's bond or revoke the Agreement and sentence Brister. 

 After Brister and the State executed the Agreement, the trial court revoked and
reinstated Brister's bond several times in 2003 and 2004. Ultimately, the court set a
sentencing date for Brister. 

 In November 2004, the 284th District Court deferred the adjudication of Brister's guilt
and placed him on community supervision for two years. Judge Jerry Winfree, Judge of
Montgomery County Court at Law Number Two, sat as the 284th District Court for Brister's
hearing and signed the deferred adjudication judgment and order. 

 In April 2005, the State filed its motion to revoke Brister's community supervision
and to adjudicate his guilt. At the hearing on the State's motion, Brister pled "true" to the
allegations that he had violated his community supervision terms. After finding that Brister
violated the terms, the trial court revoked Brister's community supervision, found him guilty
of possessing a controlled substance, and sentenced him to eighteen months confinement in
a state jail facility. 

 On appeal from his sentence, Brister contends that his guilty plea is void because the
county court at law judge sat as the district court when he pled guilty. Brister complains that
the county court at law judge had no jurisdiction to sit as the district court in a criminal
felony case. (3) While Brister acknowledges that provisions of the Texas Government Code
allow a county court at law judge to sit as the district court, he contends the statutes violate
the Texas Constitution, specifically Sections 8 and 11 of Article V. Brister argues that if
Government Code section 74.054 is constitutional when applied to allow a county court at
law judge to sit for a district judge, "it can only be constitutional with relation to those
matters of which both District Courts and County Courts at Law have concurrent jurisdiction,
. . . but not in a case in which a County Court at Law judge would have no jurisdiction, i.e.,
a criminal felony prosecution." (4) Brister further argues that we should find section 74.094
unconstitutional, "to the extent it purports to confer subject matter jurisdiction upon county
courts at law to hear felony charges in criminal matters." (5)
 

 Before we consider Brister's issues and arguments, however, we must decide if we
have jurisdiction to do so. The Texas Court of Criminal Appeals recently reaffirmed that 
"the courts of appeals do not have jurisdiction to consider claims relating to the trial court's
determination to proceed with an adjudication of guilt on the original charge." Hogans v.
State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005) (construing Tex. Code Crim. Proc
Ann., art. 42.12, § 5(b) (Vernon Supp. 2005)). 

 Here, Brister appeals the trial court's judgment finding him guilty of the original
charge - possession of a controlled substance - and sentencing him to eighteen months
confinement. While his appellate issues challenge the trial court's jurisdiction in the
November 2004 deferred adjudication proceeding, Brister did not appeal the trial court's
judgment and order that deferred his adjudication and placed him on community supervision. 
Instead, Brister waited until the trial court revoked his community supervision and
adjudicated his guilt before he raised his challenge to the trial court's jurisdiction at the
deferred adjudication hearing. 

 In Davis v. State, a case even more recent than Hogans, the Court of Criminal Appeals
held "that there is no jurisdictional exception to the prohibition against appealing the
determination to adjudicate guilt." Davis v. State, No. PD-0078-05, 2006 WL 1750357, at
*1 (Tex. Crim. App. June 28, 2006). The Davis Court explained that section 5(b)'s
prohibiting language simply says: "'No appeal may be taken from this determination.' A
jurisdictional attack on the trial court's determination is still an attack on that determination,
and it may not be advanced on appeal." Id. at *4. 

 We find that Davis controls in this case. Thus, we have no jurisdiction to consider
Brister's complaints. His appeal is dismissed.

 APPEAL DISMISSED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on April 25, 2006

Opinion Delivered August 23, 2006

Do Not Publish


Before Gaultney, Kreger and Horton, JJ.
1. Drug court programs are authorized under Chapter 469 of the Texas Health and
Safety Code. See Tex. Health & Safety Code Ann. §§ 469.001-.007 (Vernon Supp.
2005). The Criminal Justice Policy Council reviewed C.A.R.E. ("Court Assisted
Rehabilitation Experience") and explained that the program "targets post-indictment, post-plea felony offenders whose offense is drug related." Alma I. Martinez & Michael
Eisenberg, Crim. Justice Policy Council, Overview of Drug Courts in Texas, 20
(2002). Section 469.005 of the Texas Health and Safety Code required the Council to
prepare a report on Texas drug court programs.
2. Among other conditions, the Agreement required Brister to submit to urinalysis
testing, keep appointments for treatment, abstain from use of controlled substances, and
adopt a "drug free" lifestyle. 
3. We note that Brister raises no issue related to community supervision. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 15(a)(1) (Vernon Supp. 2005).
4. § 74.054. Judges Subject to Assignment

 (a) Except as provided by Subsections (b) and (c), the following judges may be
assigned as provided by this chapter by the presiding judge of the administrative region in
which the assigned judge resides:

 (1) an active district, constitutional county, or statutory county court judge in this
state;

 . . . 

 (b) An active statutory county court judge may not be assigned to hear a matter
pending in a district court outside the county of the judge's residence.

 (c) A constitutional county court judge may only be assigned to sit for another
constitutional county court judge and must be a licensed attorney in this state.

 . . . .

Tex. Gov't Code Ann. § 74.054 (Vernon 2005).
5. § 74.094. Hearing Cases

 (a) A district or statutory county court judge may hear and determine a matter
pending in any district or statutory county court in the county regardless of whether the
matter is preliminary or final or whether there is a judgment in the matter. The judge may
sign a judgment or order in any of the courts regardless of whether the case is transferred. 
The judgment, order, or action is valid and binding as if the case were pending in the court
of the judge who acts in the matter. The authority of this subsection applies to an active,
former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.

 (b) The judges shall try any case and hear any proceeding as assigned by the local
administrative judge.

 . . . .


Tex. Gov't Code Ann. § 74.094 (Vernon 2005).