Dismissed and Memorandum Opinion filed February 15, 2007








Dismissed and Memorandum Opinion filed February 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00640-CR

_______________

 

CRAIG BLACKMON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 795826

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Craig Blackmon appeals a conviction
for indecency with a child by contact on the ground that he was denied his
constitutional right to confrontation as a result of ineffective assistance of
counsel.  We dismiss.








As a preliminary matter, the State
challenges our jurisdiction over this appeal based on the timeliness of the
filing of appellant=s notice of appeal.  Following appellant=s guilty plea, the trial court
entered a deferred adjudication order on June 11, 1999, placing appellant on community
supervision for nine years.  On April 18, 2006, the State moved to adjudicate
appellant=s guilt, alleging he violated conditions of his community supervision. 
On May 24, 2006, following a hearing on the motion, appellant was found guilty
and sentenced to twenty years confinement.

Appellant=s notice of appeal was due by June
23, 2006, but was filed on June 29, 2006.  See Tex. R.

 App. P. 26.2(a)(1).  However, because the notice was deposited in
the mail on June 23, 2006, 

according
to the postmark on the copy of the envelope included in the clerk's record, and
was received 

by the
court within ten days after the filing deadline, it was timely filed.  See
Tex. R. App. P. 9.2(b).

Nevertheless, there remains an issue
concerning our jurisdiction over the subject matter of the appeal.  Appellant=s sole issue contends that he was
denied effective assistance of counsel because his trial counsel failed to make
a Confrontation Clause objection when several witnesses testified during the
adjudication phase concerning out-of-court statements made by the unavailable
victim, describing appellant=s assault of her.  

A defendant may not appeal a trial
court=s determination to proceed with an
adjudication of guilt on the original charge.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon 2006); Davis v.
State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).  An appeal raising such
a claim must be dismissed.  Hogans v. State, 176 S.W.3d 829, 832 (Tex.
Crim. App. 2005).  However, a defendant may appeal an error occurring during
the punishment phase, provided that it "directly and distinctly"
concerns only the punishment phase and not the adjudication decision.  Id.
at 834.  Thus, the fact that evidence introduced during the adjudication phase
is probative to both the decision to adjudicate and the assessment of
punishment does not convert adjudication evidence into punishment evidence.  Id.
at 835.








Appellant contends that his issue
affects the punishment phase in that errors committed during the adjudication
phase were Acarried over@ to the punishment phase because the trial court considered
evidence adduced during the adjudication phase, without any objection from his
defense counsel, in assessing punishment.  However, because appellant=s ineffectiveness allegations arise
only from his counsel=s omissions during the adjudication phase,[1]
his claim does not directly and distinctly pertain to the punishment phase.  See
Hogans, 176 S.W.3d at 835B36.  Therefore, we have no jurisdiction to consider this
claim, and the appeal is dismissed.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed February 15, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           Evidence offered during an adjudication
hearing will invariably affect punishment.  See Hogans, 176 S.W.3d at
835.