NUMBERS 13-05-280-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BEVY LEE WILSON, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 117th District Court of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Garza, Benavides, and Wittig (1)


Memorandum Opinion by Justice Wittig


 Appellant pled guilty to aggravated assault on September 6, 2002. The trial court
deferred an adjudication of guilt, placed appellant on community supervision for three years,
and imposed a suspended fine of $500.00. On February 10, 2003, the State filed a motion
to revoke community supervision. After a hearing on the motion, the trial court revoked
appellant's community supervision, adjudicated appellant guilty of the offense, and imposed
a sentence of twenty years' confinement in prison. This confinement was ordered to run
concurrently with appellant's sentence for murder as discussed in a companion appeal,
Wilson v. State, No. 13-05-0279-CR, handed down this same date. Appellant filed a notice
of appeal.

 At the hearing on the motion to revoke, appellant pled "not true." The trial court took
judicial notice of the evidence presented in the companion murder case. Appellant
presented no evidence but argued, inter alia, that it would be unfortunate if the companion
capital murder case were overturned after he was adjudicated.

 Consistent with this argument, appellant filed a single brief on both the companion
capital murder case and this appeal of the adjudication. In his brief, he attacked four
aspects of the companion murder case. 

 I. Jurisdiction

 In appellant's brief in this cause, he raises no issues concerning either the conviction
or sentence imposed. Appellant apparently seeks to avoid the jurisdictional limitations for
the appeal of his adjudication. As the State properly argues, we do not have jurisdiction to
consider claims relating to the trial court's determination to proceed with an adjudication of
guilt on the original charge. Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). 
With regard to a trial court's adjudication of guilt, article 42.12, section 5(b) provides: "No
appeal may be taken from this determination." Tex. Code Crim. Proc. Ann. art. 42.12, §
5(b) (Vernon 2006). 

 When an appeal arises from a claim of purported error in the adjudication of guilt
determination, a court of appeals should dismiss that claim. Hogans v. State, 176 S.W.3d
829, 832 (Tex. Crim. App. 2005). While we recognize that an appellant sentenced under
a guilty plea agreement may appeal certain limited aspects of an adjudication proceeding,
appellant raises no such issues here. Id. 

 Accordingly, this appeal is dismissed for want of jurisdiction.

 

 

 DON WITTIG,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 30th day of August, 2007.
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to section 74.003 of the government code. See Tex. Gov't. Code Ann. § 74.003 (Vernon 2005).