COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-016-CR

 

 

RICHARD
THEODORE THARPE, JR.                                        APPELLANT

a/k/a RICHARD T. THARPE

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On January 10, 2007, the trial court proceeded to
an adjudication of Appellant Richard Theodore Tharpe, Jr. a/k/a Richard T.
Tharpe=s guilt
and sentenced him to twenty-five years=
confinement for the offense of possession with the intent to deliver four grams
or more but less than two hundred grams of a controlled substance.  In a single issue, Tharpe contends that the
trial court abused its discretion in assessing his sentence.  We will affirm.

Tharpe pleaded guilty to the offense of
possession with intent to deliver four grams or more but less than two hundred
grams of a controlled substance. 
Pursuant to a plea bargain agreement, the trial court deferred an
adjudication of Tharpe=s guilt and imposed eight years=
community supervision.  The trial court
also certified that Tharpe had no right of appeal because the case had been
plea bargained.  A few months after
Tharpe entered his guilty plea, however, the State filed and ultimately
obtained a hearing on its amended petition to proceed to an adjudication of
Tharpe=s guilt,
alleging that Tharpe had violated the terms of his community supervision by
possessing a controlled substance. 

But after the State filed its amended petitionCmore
than one year after Tharpe=s
original guilty pleaCTharpe filed pro se documents
indicating that he wished to appeal his initial plea.  This court received a copy of these
documents, treated them as a notice of appeal, and expressed our concerns that
Tharpe=s notice
of appeal was not timely filed and that he had no right to appeal.  After affording the parties time to show any
grounds for continuing the appeal and receiving no response, we dismissed
Tharpe=s appeal
for lack of jurisdiction on January 11, 2007.








Because the trial court proceeded to an
adjudication of guilt on January 10, 2007, and we did not render our dismissal
of Tharpe=s attempted appeal from his
guilty plea until January 11, 2007, in this appeal Tharpe claims that the trial
court lacked jurisdiction to proceed with an adjudication of his guilt.[2]








In considering whether the trial court had
jurisdiction to adjudicate Tharpe=s guilt
on the original possession with intent to deliver charge, we turn to the code
of criminal procedure.  Article 42.12,
section 5(b) of the code of criminal procedure prohibits a defendant from
appealing a trial court=s determination of whether it
will proceed with an adjudication of guilt. 
See Tex. Code Crim. Proc.
Ann. art. 42.12, ' 5(b) (Vernon 2006); see also
Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).  After the trial court adjudicates a defendant=s guilt,
Aall
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant=s appeal
continue as if the adjudication of guilt had not been deferred.@  Tex.
Code Crim. Proc. Ann. art. 42.12, '
5(b).  And, as soon as the State files a
motion to proceed with an adjudication of guilt and a capias issues for the
defendant=s arrest, the trial court
retains jurisdiction to both hold a hearing to determine whether it should
proceed with an adjudication of guilt and to actually proceed with an
adjudication of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(h)
(Vernon 2006).

Here, the State filed its petition to proceed
with an adjudication of guilt  and a
capias issued before Tharpe filed his untimely pro se documents, which this
court considered as a notice of appeal from his original guilty plea.  This court ultimately held that we lacked
jurisdiction over Tharpe=s attempted, untimely appeal,
filed despite the trial court=s
certification that Tharpe had no right of appeal.  Consequently, this court never asserted
jurisdiction over Tharpe=s attempted first appeal, and no
action by this court deprived the trial court of its jurisdiction.  See id.  Accordingly, we overrule Tharpe=s sole
issue and affirm the trial court=s
judgment.

 

PER
CURIAM

 

 

PANEL F: WALKER, J.;
CAYCE, C.J.; and MCCOY, J. 

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: September 6, 2007











[1]See Tex. R. App. P. 47.4.





[2]Tharpe also claims that
the trial court abused its discretion by not forwarding his first notice of
appeal, challenging his guilty plea, to this court.  But as evidenced by our opinion dismissing
that appeal for want of jurisdiction, the trial court did forward Tharpe=s notice of appeal to
this court.  Tharpe v. State, No.
02-06-00413-CR, 2007 WL 80015 at *1 (Tex. App.CFort Worth Jan. 11, 2007,
no pet.) (mem. op.) (not designated for publication).  Consequently, we do not further address this
complaint.