COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-016-CR

RICHARD THEODORE THARPE, JR.       APPELLANT 

a/k/a RICHARD T. THARPE 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On January 10, 2007, the trial court proceeded to an adjudication of Appellant Richard Theodore Tharpe, Jr. a/k/a Richard T. Tharpe’s guilt and sentenced him to twenty-five years’ confinement for the offense of possession with the intent to deliver four grams or more but less than two hundred grams of a controlled substance.  In a single issue, Tharpe contends that the trial court abused its discretion in assessing his sentence.  We will affirm.

Tharpe pleaded guilty to the offense of possession with intent to deliver four grams or more but less than two hundred grams of a controlled substance.  Pursuant to a plea bargain agreement, the trial court deferred an adjudication of Tharpe’s guilt and imposed eight years’ community supervision.  The trial court also certified that Tharpe had no right of appeal because the case had been plea bargained.  A few months after Tharpe entered his guilty plea, however, the State filed and ultimately obtained a hearing on its amended petition to proceed to an adjudication of Tharpe’s guilt, alleging that Tharpe had violated the terms of his community supervision by possessing a controlled substance. 

But after the State filed its amended petition—more than one year after Tharpe’s original guilty plea—Tharpe filed pro se documents indicating that he wished to appeal his initial plea.  This court received a copy of these documents, treated them as a notice of appeal, and expressed our concerns that Tharpe’s notice of appeal was not timely filed and that he had no right to appeal.  After affording the parties time to show any grounds for continuing the appeal and receiving no response, we dismissed Tharpe’s appeal for lack of jurisdiction on January 11, 2007.  

Because the trial court proceeded to an adjudication of guilt on January 10, 2007, and we did not render our dismissal of Tharpe’s attempted appeal from his guilty plea until January 11, 2007, in this appeal Tharpe claims that the trial court lacked jurisdiction to proceed with an adjudication of his guilt.
(footnote: 2)  
 In considering whether the trial court had jurisdiction to adjudicate Tharpe’s guilt on the original possession with intent to deliver charge, we turn to the code of criminal procedure.  Article 42.12, section 5(b) of the code of criminal procedure prohibits a defendant from appealing a trial court’s determination of whether it will proceed with an adjudication of guilt.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 2006); 
see also Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).  
After the trial court adjudicates a defendant’s guilt, “all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant’s appeal continue as if the adjudication of guilt had not been deferred.”  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b).  And, 
as soon as the State files a motion to proceed with an adjudication of guilt and a capias issues for the defendant’s arrest, the trial court retains jurisdiction to both hold a hearing to determine whether it should proceed with an adjudication of guilt and to actually proceed with an adjudication of guilt.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(h) (Vernon 2006).  
                        

Here, the State filed its petition to proceed with an adjudication of guilt  and a capias issued before Tharpe filed his untimely pro se documents, which this court considered as a notice of appeal from his original guilty plea.  This court ultimately held that we lacked jurisdiction over Tharpe’s attempted, untimely appeal, filed despite the trial court’s certification that Tharpe had no right of appeal.  Consequently, this court never asserted jurisdiction over Tharpe’s attempted first appeal, and no action by this court deprived the trial court of its jurisdiction.  
See id.
  Accordingly, we overrule Tharpe’s sole issue and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 6, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tharpe also claims that the trial court abused its discretion by not forwarding his first notice of appeal, challenging his guilty plea, to this court.  But as evidenced by our opinion dismissing that appeal for want of jurisdiction, the trial court did forward Tharpe’s notice of appeal to this court.  
Tharpe v. State
, No. 02-06-00413-CR, 2007 WL 80015 at *1 (Tex. App.—Fort Worth Jan. 11, 2007, no pet.) (mem. op.) (not designated for publication).  Consequently, we do not further address this complaint.