COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-397-CR

DEMARCUS BRITT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Demarcus Britt attempts to appeal the trial court’s determination to proceed to adjudication.  The record shows that pursuant to a plea bargain agreement,  Appellant pleaded guilty to injury to a child and was placed on ten years’ deferred adjudication on June 15, 2006.  The State filed a motion to proceed to adjudication on July 13, 2006, alleging several violations of the terms of Appellant’s deferred adjudication, to which Appellant pleaded “not true.”  On November 3, 2006, the trial court found three of the alleged violations to be “true,” adjudicated Appellant’s guilt, and sentenced him to twenty years’ imprisonment. 

In three points, Appellant argues that the evidence is insufficient to show that he violated the terms of his deferred adjudication.  Thus, Appellant is attempting to appeal from the trial court’s decision to proceed to adjudication.

The former version of article 42.12, section 5(b), which prohibited appeals from the trial court’s decision to adjudicate, applies to this case because the revocation hearings were held before June 15, 2007.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, ྷ 5(b) (Vernon 2006) (former version)
 (“No appeal may be taken from this determination [to proceed to adjudication].”), 
amended by
 Act of May 28, 2007, 80
th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law Serv. 4404, 4421, 4423 (Vernon) (“This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred.”);
 
see also Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).
  If an appeal under the former version of article 42.12, section 5(b) 
raises a claim of purported error in the adjudication of guilt determination, a court of appeals should dismiss that claim without reaching the merits. 
 
Hogans v. State
, 176 S.W.3d 829, 834 (Tex. Crim. App. 2005) (applying former article 42.12, section 5(b)).

Because the applicable version of article 42.12, se
ction 5(b) forbids an appeal from the trial court’s determination to proceed to adjudication, we dismiss Appellant’s appeal without reaching the merits.  
See
 
id.
; 
Tex. R. App. P.
 43.2(f).
 

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.