COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-397-CR

 

 

DEMARCUS BRITT                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Demarcus Britt attempts
to appeal the trial court=s
determination to proceed to adjudication. 
The record shows that pursuant to a plea bargain agreement,  Appellant pleaded guilty to injury to a child
and was placed on ten years= deferred adjudication on June 15, 2006.  The State filed a motion to proceed to
adjudication on July 13, 2006, alleging several violations of the terms of
Appellant=s deferred
adjudication, to which Appellant pleaded Anot true.@  On November 3, 2006, the trial court found
three of the alleged violations to be Atrue,@ adjudicated
Appellant=s guilt, and
sentenced him to twenty years= imprisonment. 

In three points, Appellant
argues that the evidence is insufficient to show that he violated the terms of
his deferred adjudication.  Thus,
Appellant is attempting to appeal from the trial court=s decision to proceed to adjudication.








The former version of article
42.12, section 5(b), which prohibited appeals from the trial court=s decision to adjudicate, applies to this case because the revocation
hearings were held before June 15, 2007. 
See Tex. Code Crim. Proc.
Ann. art. 42.12, _ 5(b) (Vernon 2006) (former version) (ANo appeal may be taken from this determination [to proceed to
adjudication].@), amended
by Act of May 28, 2007, 80th Leg., R.S., ch. 1308, 2007 Tex. Sess. Law
Serv. 4404, 4421, 4423 (Vernon) (AThis determination is reviewable in the same manner as a revocation
hearing conducted under Section 21 of this article in a case in which an
adjudication of guilt had not been deferred.@); see also Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim.
App. 2006).  If an appeal under the
former version of article 42.12, section 5(b) raises a claim of purported error
in the adjudication of guilt determination, a court of appeals should dismiss
that claim without reaching the merits.  Hogans
v. State, 176 S.W.3d 829, 834 (Tex. Crim. App. 2005) (applying former
article 42.12, section 5(b)).

Because the applicable
version of article 42.12, section 5(b) forbids an appeal from the trial court=s determination to proceed to adjudication, we dismiss Appellant=s appeal without reaching the merits. 
See id.; Tex. R.
App. P. 43.2(f).        

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 10, 2008











[1]See Tex. R. App. P. 47.4.