

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

Nos. PD-1157-06, PD-1158-06, PD-1159-06,
PD-1160-06, PD-1161-06 & PD-1162-06

ROBERT C. EDWARDS, JR., Appellant

v.

THE STATE OF TEXAS

ON DISCRETIONARY REVIEW OF CASES
01-04-00966-CR, 01-04-00967-CR, 01-04-00968-CR,
01-04-00969-CR, 01-04-00970-CR & 01-04-00971-CR
OF THE FIRST COURT OF APPEALS, HARRIS COUNTY

*WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, KEASLER, HERVEY, and HOLCOMB, JJ., joined. JOHNSON, J., filed a concurring opinion, in which COCHRAN, J., joined.*

We granted review of the issue, whether a trial court has jurisdiction to proceed on an

amended motion to adjudicate guilt filed after the term of deferred-adjudication community

supervision has expired.[1] We hold that appeal of this issue was not permitted by the statute that was in effect at the time of the adjudication.

The appellant was indicted for aggravated assault in 1995 and for burglary of a habitation with intent to commit aggravated assault in 1996. On July 16, 1996, he pleaded guilty to both offenses and pleaded "true" to paragraphs enhancing the offenses with prior convictions for arson. The trial court deferred adjudication of guilt and placed the appellant on community supervision for eight years.

On October 16, 2003, the appellant was charged with two counts of indecency with a child. Six days later, alleging the appellant violated the conditions of his community supervision by committing the two indecency offenses, the State filed a Motion to Adjudicate Guilt on the aggravated assault and burglary offenses.

The State filed an Amended Motion to Adjudicate Guilt in the burglary case on January 29, 2004 and in the aggravated assault case on April 2, 2004. This pair of amended motions alleged several new violations based on the appellant's possessing child pornography, but they omitted the indecency allegations that formed the basis of the original motion.

On April 7, 2004, the appellant was indicted on two counts of aggravated sexual assault of a child. On August 25, 2004, about one month after the expiration of the appellant's term of supervision, the State filed a Second Amended Motion to Adjudicate Guilt in each of the aggravated assault and burglary cases. This pair of motions included the allegations from the

[1] We granted review of the question: Whether the Court of Appeals misinterpreted the difference between proceeding on a modified motion to revoke and not having jurisdiction to proceed on a motion filed after the term of supervision has expired.

original motions and the first amended motions, and added the aggravated sexual assault charges as well as new charges pertaining to a different victim.

The appellant waived his right to a jury trial on the indecency and aggravated sexual assault charges. In September 2004, these four offenses were tried in the same proceeding as the adjudication of guilt on the original aggravated assault and burglary charges pursuant to the State's Second Amended Motion. The trial court found the appellant guilty of both counts of indecency with a child and both counts of aggravated sexual assault of a child, and adjudicated him guilty of the aggravated assault and burglary offenses. The trial judge imposed life sentences for each of the six offenses, three of which were to run concurrently, after which the remaining three concurrent sentences were to be served.

On appeal, the appellant claimed that the Second Amended Motion to Adjudicate Guilt was void because it was filed after the term of supervision expired, and therefore, the trial court lacked jurisdiction to convict and sentence him pursuant to that motion. The State challenged whether the applicable version of Article 42.12 of the Code of Criminal Procedure,[2] the community supervision statute, permitted such an appeal.

The Court of Appeals noted that normally the then-effective version of Article 42.12, Section 5(b) barred appellate review of a trial court's determination to adjudicate a defendant's guilt.

> On violation of a condition of community supervision . . ., the defendant may be arrested and detained . . . . The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination*. After an

---

[2] Article 42.12, § 5(b) of the Code of Criminal Procedure has been amended since the Court of Appeals' decision.

adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.[3]

The Court, however, read our opinions in *Hogans v. State*[4] and *Nix v. State*[5] as recognizing an exception for jurisdictional challenges. In *Hogans*, we said that the statutory bar "includes all complaints related to the trial court's decision to proceed to an adjudication of guilt, except for those challenging the trial court's jurisdiction."[6] And in *Nix*, we held that the "void judgment" exception to the general rule, prohibiting appeal from a revocation proceeding to attack the original plea, applies to deferred adjudication proceedings.[7] "The 'void judgment' exception acknowledges that 'there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. A void judgment is a "nullity" and can be attacked at any time.'"[8]

Relying on *Hogans* and *Nix*, the Court concluded that the appeal was permissible and analyzed the appellant's claim under the community supervision statute.[9] The statute provides that a trial court retains jurisdiction to proceed on a defendant's adjudication of guilt if, before

---

[3] *Edwards v. State*, No. 01-04-00966-CR et al., 2006 Tex. App. LEXIS 3404, at *5-6 (Tex. App.–Houston [1st Dist.] Apr. 27, 2006) (not designated for publication) (citing Act of May 20, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572 (emphasis added) (amended 2007) (current version at CODE CRIM. PROC. art. 42.12, § 5(b))).

[4] 176 S.W.3d 829 (Tex. Cr. App. 2005).

[5] 65 S.W.3d 664 (Tex. Cr. App. 2001).

[6] *Edwards*, 2006 Tex. App. LEXIS 3404, at *7 (quoting *Hogans*, 176 S.W.3d, at 832 n.6).

[7] *Id.*, at *7-8 (citing *Nix*, 65 S.W.3d, at 667-68).

[8] *Id.*, at *8 (quoting *Nix*, 65 S.W.3d, at 667-68).

[9] *Id.*, at *8-9.

the term of community supervision expires, the State files its motion to adjudicate guilt and a capias is issued for the defendant's arrest.[10] The State may amend its motion any time up to seven days before the adjudication hearing.[11]

Applying the statute to the present case, the Court said it was undisputed that the State moved to adjudicate the original aggravated assault and burglary offenses prior to the expiration of the appellant's term of community supervision.[12] Having so invoked the trial court's jurisdiction, the State then properly filed its Second Amended Motion more than seven days before the beginning of the combined adjudication hearing and trial.[13] The Court of Appeals therefore concluded that the trial court had jurisdiction to adjudicate the appellant based on the Second Amended Motion to Adjudicate Guilt.[14]

The appellant asks this Court to decide whether a jurisdictional bar should have prevented the trial court from adjudicating his guilt and sentencing him pursuant to the Second Amended Motion.

After the Court of Appeals rendered its opinion in this case, we decided *Davis v. State*, in which we squarely addressed the question of whether there existed a jurisdictional exception to the Section 5(b) bar on appealing a trial court's determination to adjudicate guilt.[15] We held that

---

[10] *Id.*, at *8-9 (citing CODE CRIM. PROC. art. 42.12, § 5(h)).

[11] *Id.*, at *9 (citing CODE CRIM. PROC. art. 42.12, § 21(b)).

[12] *Id.*, at *9 (referring to the original Motion to Adjudicate Guilt, filed on Oct. 22, 2003).

[13] *Id.*, at *9.

[14] *Ibid.*

[15] 195 S.W.3d 708 (Tex. Cr. App. 2006).

the statute allowed no such exception.[16] In *Davis*, we explained that the language of

*Hogans*–quoted by the Court of Appeals in the present case–was merely *dicta* because the issue

had not been presented in that case.[17] We also clarified that the "void judgment" doctrine of *Nix*

could be used only to challenge the original proceedings imposing deferred adjudication, not to

challenge jurisdiction to adjudicate guilt.[18]

In light of our decision in *Davis*, we hold that the Section 5(b) prohibition against

appealing from the determination to adjudicate guilt extends to jurisdictional questions like the

appellant's. Therefore, we decline to address the issue of the scope of the trial court's jurisdiction

as no appeal lies in this case. Neither will we address whether the appellant's claim is indeed one

of jurisdiction. Even if it were not, the statutory bar would apply to preclude review.

As we noted above, Article 42.12, Section 5(b) was amended during the 2007 Legislative

session to allow appeals from the decision to adjudicate guilt.

> On violation of a condition of community supervision . . ., the defendant may be
> arrested and detained . . . . The defendant is entitled to a hearing limited to the
> determination by the court of whether it proceeds with an adjudication of guilt on the
> original charge. *This determination is reviewable in the same manner as a revocation
> hearing conducted under Section 21 of this article in a case in which an adjudication
> of guilt had not been deferred.* After an adjudication of guilt, all proceedings,
> including assessment of punishment, pronouncement of sentence, granting of
> community supervision, and defendant's appeal continue as if the adjudication of
> guilt had not been deferred.[19]

---

[16] *Id.*, at 712.

[17] *Id.*, at 711.

[18] *Id.*, at 712.

[19] CODE CRIM. PROC. art. 42.12, § 5(b) (emphasis added).

The amended statute took effect on July 15, 2007, and the new provision applies only to a hearing conducted on or after that date. The change therefore does not apply to the appellant's case.

We affirm the judgment of the Court of Appeals.

Delivered February 6, 2008.
Do not publish.