NUMBER 13-07-407-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROBERT GODWIN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 By three issues, appellant, Robert Godwin, challenges the revocation of his deferred
adjudication community supervision. We dismiss the appeal. 

 Without a plea bargain agreement, appellant pleaded nolo contendere to the felony
offense of indecency with a child. (1) On February 7, 2005, the trial court deferred
adjudication and placed appellant on community supervision for six years. On April 11,
2007, the State filed a motion to revoke community supervision, alleging that appellant had
violated the terms of his community supervision. On May 25, 2007, the trial court held a
hearing on the State's motion. Appellant pleaded "not true" to the State's allegations. After
hearing the State's evidence, the trial court adjudicated appellant guilty, revoked his
community supervision, and sentenced him to eight years' imprisonment.

 In three issues, appellant contends (1) the trial court erred in admitting certain
evidence at his adjudication hearing; (2) at the adjudication hearing, the trial court
improperly considered his failure to admit guilt, which violated his constitutional right
against self-incrimination; and (3) the State failed to prove he violated the terms of his
community supervision by a preponderance of the evidence. 

 The hearing on the State's motion to revoke was held on May 25, 2007, prior to the
June 15, 2007 effective date of the amendment to article 42.12, section 5(b) of the code
of criminal procedure, which now allows an appeal from the determination to adjudicate. (2) 
Therefore, the pre-amendment version of article 42.12, section 5(b) applies, which provides
that no appeal may be taken from a trial court's determination to proceed with adjudication
of guilt. (3) Accordingly, appellant is statutorily barred from challenging the trial court's
determination to proceed with adjudication of his guilt. 

 We dismiss the appeal for want of jurisdiction. (4) 



 

 LINDA REYNA YAÑEZ,

 Justice







Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 14th day of August, 2008.

1. See Tex. Penal Code Ann. § 22.11 (Vernon 2003).
2. See Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2007). 
3. See Acts 2007, 80th Leg., ch. 1308 §§ 5-9, effective June 15, 2007; Davis v. State, 195 S.W.3d
708, 709 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005) (noting that
under former article 42.12, section 5(b), courts of appeals do not have jurisdiction to consider claims relating
to the trial court's determination to proceed with an adjudication of guilt).
4. See Hogans, 176 S.W.3d at 832; Koba v. State, No. 11-07-00198-CR, 2008 Tex. App. LEXIS 3493,
at *2-3 (Tex. App.-Eastland May 15, 2008, no pet.) (mem. op., not designated for publication).