NO. 07-07-0392-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 29, 2008
_____

EDDIE RIOS A/K/A EDDIE RIOS WHITE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT OF HUTCHINSON COUNTY;

NO. 35,685; HONORABLE FAYE BLANKS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Eddie Rios, appeals from an adjudication of guilt entered by the trial court on April 25, 2007. After hearing evidence on the issue of punishment, the trial court assessed a term of confinement of 365 days in the Hutchinson County Jail. We dismiss for want of jurisdiction.

Factual and Procedural Background

Appellant pleaded guilty, pursuant to a negotiated plea agreement, on July 19, 2006, to the misdemeanor offense of resisting arrest. In accordance with the plea agreement, the trial court deferred entering an adjudication of guilt and placed appellant on community supervision for a period of one year. Appellant did not appeal the entry of the deferred adjudication. Thereafter, the State filed its first amended motion to proceed with adjudication on February 7, 2007. The State's amended motion alleged appellant had 1) failed to report to his supervision officer for the months of November and December 2006 and January 2007, 2) failed to pay his community supervision fee and his administration fee, and 3) committed the offense of assault. The trial court conducted a hearing on the issue of adjudication on March 27, 2007. During the hearing, appellant objected to the receipt of evidence concerning the new offense, alleging that since the prosecuting authority for the felony offense, the District Attorney for the 316th Judicial District, had not sought an indictment and the restitution owed the victim had been made part of a plea agreement on an unrelated felony, the evidence was precluded under the theory of double jeopardy. The trial court overruled the objection and proceeded to hear the evidence. At the conclusion of the hearing on the motion to adjudicate, the trial court adjudicated appellant guilty of the underlying offense of resisting arrest. After a separate hearing on punishment, held on April 25, 2007, the trial court assessed punishment at confinement in the county jail for a period of 365 days. This appeal followed.

Through one issue appellant now claims that the trial court abused its discretion by sentencing appellant to one year in jail because the State should have been barred from

2

litigating the motion to adjudicate guilt based upon the doctrine of collateral estoppel. We dismiss for want of jurisdiction.[1]

## Analysis

The applicable provision of the Code of Criminal Procedure in force at the time of appellant's hearing controls the disposition of this case.[2] This provision was amended and is now codified as article 42.12 section 5(b) to provide that a defendant in an adjudication proceeding has the same rights to a review of the trial court's decision to adjudicate as any other defendant in a revocation of community supervision proceeding. See TEX. CRIM. PROC. CODE ANN. § 42.12(5)(b) (Vernon Supp. 2007). The new provision is applicable to cases heard on or after June 15, 2007.

Accordingly, appellant's rights to appeal the adjudication is governed by the former statute. The Texas Court of Criminal Appeals has spoken to this issue and has uniformly held that the trial court's decision to adjudicate, under the former statute, was absolutely discretionary and not subject to review. See Davis v. State, 195 S.W.3d 708, 710

---

[1] We note that the alleged ground of error does not comport with the objection made at trial. See TEX. R. APP. P. 33.1(a)(1). At trial appellant objected to the evidence based on the theory of double jeopardy. In his brief appellant alleges that the State's evidence was barred under the theory of collateral estoppel. The two are not the same.

[2] Former article 42.12 section 5(b) provided that a defendant was entitled to a hearing limited to the issue of whether the court proceeds with adjudication. It further provided that, "No appeal may be taken from this determination." See Act of May 27, 1965, 59th Leg., R.S., Ch. 722, § 1, 1965 Tex. Gen. Laws 317, 489, amended by Act of May 2, 1975, 64th Leg., R.S., Ch. 231, § 1, 1975 Tex. Gen. Laws 572, 572 amended by Act of May 28, 2007, 80th Leg., R.S., Ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (current version at Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2007)) (citing relevant statutory history).

(Tex.Crim.App. 2006). Therefore, we have no jurisdiction to review the trial court's decision to adjudicate appellant guilty of the offense of resisting arrest.

However, appellant couches his error in terms of abuse of discretion in sentencing appellant. This would seem to allow us to review the decision to assess appellant's punishment to one year in the county jail. See Hogans v. State, 176 S.W.3d 829, 833 (Tex.Crim.App. 2005). However, a closer read of the record reveals, that despite the wording of appellant's issue, the alleged error occurred during the adjudication phase of the trial. As stated by the Hogans opinion, "the asserted error must directly and distinctly concern the second phase; the claim must, on its face, relate to the sentence imposed, not to the decision to adjudicate." Id. at 834. Appellant is complaining of the admission of evidence that occurred during the adjudication phase. As such, it is not appealable. Davis, 195 S.W.3d at 710. Accordingly, we must dismiss the appeal for want of jurisdiction.

## Conclusion

Having determined we do not have jurisdiction to entertain this appeal, the same is dismissed.

Mackey K. Hancock
Justice

Do not publish.

4