

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00006-CR

RANDOLPH VENSON BROWN SR.                    APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1454668D

----------

## MEMORANDUM OPINION[1]

----------

On January 5, 2018, Randolph Venson Brown Sr. filed a pro se notice of appeal from the trial court's December 15, 2017 order modifying the conditions of his community supervision. The trial court had originally placed Brown on deferred adjudication community supervision on April 3, 2017 in accordance with his guilty plea. Because an order modifying the terms of community supervision

---

[1]*See* Tex. R. App. P. 47.4.

is not appealable, we dismiss this appeal for want of jurisdiction. *See Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006) (noting that modification orders are not independently appealable because the legislature has authorized appeal only of (1) orders granting deferred adjudication and (2) orders imposing punishment upon adjudication of guilt). *But cf.* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b)–(c) (West 2015) (providing that person who is or has been placed on community supervision may file an application for writ of habeas corpus challenging the constitutionality of a condition of community supervision but only if he first files a motion in the trial court seeking to amend the condition).

PER CURIAM

PANEL:  BIRDWELL, J.; SUDDERTH, C.J.; and WALKER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 15, 2018