# NO. 12-20-00278-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRACILEE DANIELE HIPPE,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Tracilee Daniele Hippe filed a notice of appeal in trial court cause number 114-1224-20. Sentence was imposed on September 10, 2020. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that an appellate court may extend the time to file the notice of appeal if, within fifteen days after the filing deadline, the party "(a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." TEX. R. APP. P. 26.3. Appellant filed her notice of appeal on December 23, 2020, and the record does not indicate that she filed a motion for new trial.

Accordingly, on January 4, 2021, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before January 14 to show this Court's jurisdiction. In response, Appellant's counsel filed a letter in which she states that Appellant desires to appeal from the trial court's amendment of the conditions of her community supervision. However, counsel states, "Appellant acknowledges

that a judgment modifying the terms of community supervision is generally not a final, appealable order and that dismissal of the appeal for want of jurisdiction is appropriate."

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). "There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision." *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).[1] Appellant did not timely appeal from the judgment placing her on community supervision and her community supervision has not been revoked. Moreover, she concedes that the amendment of her community supervision terms is not appealable. Thus, under these circumstances, we *dismiss* the appeal for *want of jurisdiction*. *See id.*; *see also Jack v. State*, No. 04-20-00448-CR, 2020 WL 6151587, at *1 (Tex. App.—San Antonio Oct. 21, 2020, no pet.) (mem. op., not designated for publication) (per curiam) (dismissing for want of jurisdiction appeal from modification of community supervision terms); *see also Reed v. State*, No. 01-13-01070-CR, 2014 WL 1612617, at *1 (Tex. App.—Houston [1st Dist.] Apr. 22, 2014, no pet.) (mem. op., not designated for publication) (per curiam) (same).

Opinion delivered January 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] A complaint regarding modification may be raised in an appeal from a revocation "if the validity of the revocation depends on the validity of the modification." *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 21, 2021**

**NO. 12-20-00278-CR**

**TRACILEE DANIELE HIPPE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1224-20)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*