COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-043-CR

                                        NO.
2-07-044-CR

 

 

ROBERT GLYNN REYNOLDS                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Robert Glynn
Reynolds pled guilty pursuant to a plea bargain to robbery by threat, and the
trial court placed him on ten years= deferred adjudication community supervision and assessed a $1,000
fine.  The State filed a petition to
adjudicate, contending that Appellant had violated  conditions of his community supervision.  At the adjudication hearing, Appellant pled
true to the allegations that he had violated three conditions of his deferred
adjudication community supervision. 
After the hearing, the trial court adjudicated Appellant=s guilt and sentenced him to six years= confinement.  At the hearing,
Appellant also entered an open plea of guilty to a new count of robbery by
threat.  The trial court convicted
Appellant and sentenced him to six years= confinement, with the sentences in both cases to run concurrently.

Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.[2]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.








Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf.[3]  In Appellant=s deferred adjudication case, our independent review for potential
error is limited to potential errors not involving the decision to adjudicate
and potential errors occurring after adjudication.[4]  In the case in which Appellant entered an
open plea of guilty, our independent review for potential error is limited to
potential jurisdictional defects, the voluntariness of Appellant=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[5]

We have carefully reviewed
the records and counsel=s
brief.  We agree with counsel that these
appeals are wholly frivolous and without merit. 
We find nothing in the records that might arguably support the appeals.[6]

 








Consequently, we grant the
motion to withdraw in each case and affirm the trial court=s judgments.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE,
C.J.; and MCCOY, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
November 15, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).





[3]Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[4]See
Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App.
2006).  Because the adjudication hearing
took place before June 15, 2007, current article 42.12, section 5(b) of the
code of criminal procedure, which allows appeals from these cases, does not
apply.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
historical note (Vernon Supp. 2007) [Act of May 28, 2007, 80th Leg., R.S., ch.
1308, '' 53,
68, 2007 Tex. Gen. Laws 4404, 4421, 4422-23].





[5]See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).





[6]See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).