COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-094-CR

SOLOMAN GALLEGOS, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On June 26, 2006, appellant Soloman Gallegos, Jr. pled guilty pursuant to a plea bargain to felony possession of a controlled substance.  The trial court placed him on three years’ deferred adjudication community supervision and imposed a $300 fine.  On March 2, 2007, appellant pled “true but” to the State’s allegations that he had violated the conditions of his deferred adjudication community supervision by committing the new offenses of assault on a family member and evading arrest, by using controlled substances during his community supervision, by failing to call in for urinalysis testing, and by failing to pay court costs, fees, and fines.  The trial court found the first four allegations to be true, adjudicated appellant guilty of the original offense of possession of a controlled substance, and sentenced him to eight years’ confinement.  

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.)
.  This court afforded appellant the opportunity to file a brief on his own behalf, but he did not. 

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  
Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).
  In appellant’s deferred adjudication case, our independent review for potential error is limited to potential errors not involving the decision to adjudicate and potential errors occurring after adjudication.  
See 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b) (Vernon 2006) (former version)
(footnote: 2);
 
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).

We have carefully reviewed the record and counsel’s brief.  We agree with counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Consequently, we grant the motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 10, 2008 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Because the adjudication hearing took place before June 15, 2007, current article 42.12, section 5(b) of the code of criminal procedure, which allows appeals from the trial court’s decision to adjudicate, does not apply. 
 Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) historical note (Vernon Supp. 2007) [Act of May 28, 2007, 80th Leg., R.S., ch. 1308, §§ 53, 68, 2007 Tex. Gen. Laws 4395, 4397, 4413-14].