COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-094-CR

 

 

SOLOMAN GALLEGOS, JR.                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On June 26, 2006, appellant
Soloman Gallegos, Jr. pled guilty pursuant to a plea bargain to felony
possession of a controlled substance. 
The trial court placed him on three years= deferred adjudication community supervision and imposed a $300
fine.  On March 2, 2007, appellant pled Atrue but@ to the
State=s allegations that he had violated the conditions of his deferred
adjudication community supervision by committing the new offenses of assault on
a family member and evading arrest, by using controlled substances during his
community supervision, by failing to call in for urinalysis testing, and by
failing to pay court costs, fees, and fines. 
The trial court found the first four allegations to be true, adjudicated
appellant guilty of the original offense of possession of a controlled
substance, and sentenced him to eight years= confinement.  

Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no arguable grounds for relief.  See Mays v. State, 904 S.W.2d 920,
922-23 (Tex. App.CFort Worth 1995, no pet.).  This court afforded appellant
the opportunity to file a brief on his own behalf, but he did not. 








Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 923.  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 83-84,
109 S. Ct. 346, 351 (1988).  In appellant=s deferred adjudication case, our independent review for potential
error is limited to potential errors not involving the decision to adjudicate
and potential errors occurring after adjudication.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon 2006) (former version)[2];
Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).

We have carefully reviewed
the record and counsel=s
brief.  We agree with counsel that the
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the
appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005).

 

 

 








Consequently, we grant the
motion to withdraw and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    LIVINGSTON, GARDNER,
and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
January 10, 2008











[1]See Tex. R. App. P. 47.4.





[2]Because
the adjudication hearing took place before June 15, 2007, current article
42.12, section 5(b) of the code of criminal procedure, which allows appeals
from the trial court=s
decision to adjudicate, does not apply.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
historical note (Vernon Supp. 2007) [Act of May 28, 2007, 80th Leg., R.S., ch.
1308, '' 53,
68, 2007 Tex. Gen. Laws 4395, 4397, 4413-14].