COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-101-CR

NO.  2-07-102-CR

NO.  2-07-103-CR

JULIUS DACARRASS MARSHALL APPELLANT

A/K/A JULIUS MARSHALL

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On January 5, 2007, Appellant Julius Dacarrass Marshall pled guilty pursuant to a plea bargain to two offenses of sexual assault.  The trial court placed him on seven years’ deferred adjudication community supervision and imposed a $700 fine in each case.  Less than a month later, the State filed a petition to adjudicate in each case.  On March 8, 2007, Appellant entered an open plea of true to the State’s allegations in the petition in each case.  The trial court found that Appellant had committed a new offense—failure to comply with sex offender registration requirements—and had failed to avoid injurious or vicious habits by using, consuming, or ingesting marijuana, cannabinoids, or THC and by consuming alcohol.  The trial court adjudicated Appellant’s guilt and sentenced him to twelve years’ confinement in each case, with the sentences to run concurrently. 

Also on March 8, 2007, Appellant entered an open plea of guilty to the offense of failure to comply with sex offender registration requirements, and the trial court sentenced him to five years’ confinement, with such sentence to run concurrently with the sentences in the sexual assault cases.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.
(footnote: 3)  
This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the records and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 4)  
Only then may we grant counsel’s motion to withdraw.
(footnote: 5)  In Appellant’s deferred adjudication cases, our independent review for potential error is limited to potential errors not involving the decision to adjudicate and potential errors occurring after adjudication.
(footnote: 6)  Because Appellant entered an open plea of guilty to the offense of failure to comply with sex offender registration requirements, our independent review for potential error in that case is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 7)
 We have carefully reviewed the records and counsel’s brief.  We agree with counsel that the appeals are wholly frivolous and without merit.  We find nothing in the records that might arguably support the appeals.
(footnote: 8) 
 Consequently, we grant the motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 21, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967). 

3:
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.)
.  

4:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  

5:
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52 (1988).
  

6:
See 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b) (Vernon 2006) (former version)
;
 Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). 
Because the adjudication hearing took place before June 15, 2007, current article 42.12, section 5(b) of the code of criminal procedure, which allows appeals from the trial court’s decision to adjudicate, does not apply.  
See
 Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) historical note (Vernon Supp. 2007).

7:
See Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

8:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).