COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.  2-07-101-CR



 

NO.  2-07-102-CR

NO.  2-07-103-CR

 

 

JULIUS DACARRASS MARSHALL                                           APPELLANT

A/K/A
JULIUS MARSHALL

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On January 5, 2007, Appellant
Julius Dacarrass Marshall pled guilty pursuant to a plea bargain to two
offenses of sexual assault.  The trial
court placed him on seven years= deferred adjudication community supervision and imposed a $700 fine
in each case.  Less than a month later,
the State filed a petition to adjudicate in each case.  On March 8, 2007, Appellant entered an open
plea of true to the State=s
allegations in the petition in each case. 
The trial court found that Appellant had committed a new offenseCfailure to comply with sex offender registration requirementsCand had failed to avoid injurious or vicious habits by using,
consuming, or ingesting marijuana, cannabinoids, or THC and by consuming
alcohol.  The trial court adjudicated
Appellant=s guilt and
sentenced him to twelve years= confinement in each case, with the sentences to run concurrently. 

Also on March 8, 2007,
Appellant entered an open plea of guilty to the offense of failure to comply
with sex offender registration requirements, and the trial court sentenced him to
five years=
confinement, with such sentence to run concurrently with the sentences in the
sexual assault cases.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, these
appeals are frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the records demonstrating why there
are no arguable grounds for relief.[3]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.








Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the records and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf.[4]  Only then may we grant counsel=s motion to withdraw.[5]  In Appellant=s deferred adjudication cases, our independent review for potential
error is limited to potential errors not involving the decision to adjudicate
and potential errors occurring after adjudication.[6]  Because Appellant entered an open plea of
guilty to the offense of failure to comply with sex offender registration
requirements, our independent review for potential error in that case is
limited to potential jurisdictional defects, the voluntariness of appellant=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[7]

We have carefully reviewed
the records and counsel=s brief.  We agree with counsel that the appeals are
wholly frivolous and without merit.  We
find nothing in the records that might arguably support the appeals.[8]  Consequently, we grant the motion to withdraw
and affirm the trial court=s judgments.

PER CURIAM

PANEL F:    DAUPHINOT, WALKER,
and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
February 21, 2008











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967). 





[3]See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995, no pet.).  





[4]Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 923.  





[5]See Penson v. Ohio, 488 U.S. 75, 83-84, 109 S. Ct.
346, 351-52 (1988).  





[6]See Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b)
(Vernon 2006) (former version); Davis v. State, 195 S.W.3d 708, 710
(Tex. Crim. App. 2006). Because the adjudication hearing took place before June
15, 2007, current article 42.12, section 5(b) of the code of criminal
procedure, which allows appeals from the trial court=s
decision to adjudicate, does not apply.  See Tex. Code Crim. Proc. Ann. art. 42.12,
' 5(b)
historical note (Vernon Supp. 2007).





[7]See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).





[8]See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).