

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00045-CR

**GERALD WAYNE SMITH,**

Appellant

 v.

**THE STATE OF TEXAS,**

Appellee

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 1998-129-C2**

## OPINION ON REMAND

On original submission, the Court, with Chief Justice Gray dissenting, reversed Gerald Wayne Smith's conviction for sexual assault due to the trial court's failure to hold a hearing on Smith's motion for new trial alleging ineffective assistance of counsel. *See Smith v. State*, No. 10-07-00045-CR, 2008 Tex. App. LEXIS 2358 (Tex. App.—Waco Apr. 2, 2008). The Court of Criminal Appeals reversed, holding that Smith was not entitled to a hearing, and remanded for consideration of Smith's remaining issue. *See Smith v. State*, 286 S.W.3d 333, 345 (Tex. Crim. App. 2009). The sole issue on remand is

whether the trial court violated Smith's right to due process by adjudicating guilt, in part, on an allegedly "stale" allegation.[1] We dismiss for want of jurisdiction.

The State contends that Smith challenges the trial court's adjudication of guilt, over which we lack jurisdiction. Smith argues that his complaint merely addresses: (1) "what sort of violations can properly be alleged in a motion to adjudicate, *i.e.*, can a stale five-year old violation form a basis for adjudicating guilt;" and (2) "the validity of the adjudication proceeding."

Under the law in effect at the time the trial court adjudicated Smith's guilt, "No appeal may be taken from this determination." Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 53, sec. (b), 1995 Tex. Gen. Laws 2734, 2750 (amended 2007) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)).[2] We cannot "'consider claims relating to the trial court's determination to proceed with an adjudication of guilt on the original charge.'" *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (quoting *Hogans v. State*, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005)).

Smith complains that the trial court violated his due process rights by basing its decision to adjudicate guilt, in part, on a violation that occurred several years before adjudication. This complaint is an impermissible challenge to the trial court's decision to adjudicate guilt. *See Lamey v. State*, No. 10-07-00149-CR, 2008 Tex. App. Lexis 504, at

---

[1]     In November 2006, the State filed a motion to adjudicate Smith's guilt, alleging four violations of deferred adjudication community supervision. Smith pleaded "not true" to all four allegations, one of which alleged that "[o]n or about January 6, 2002 [Smith] failed to report as ordered from October 8, 2001 through January 6, 2002." The trial court found this and two other allegations to be "true."

[2]     The current version of article 42.12 § 5(b) applies to adjudication hearings that occur on or after its effective date of June 15, 2007. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, §§ 53, 68, 2007 Tex. Gen. Laws 4395, 4413-14. Smith's hearing occurred in February 2007.

*2 (Tex. App.—Waco Jan. 23, 2008, pet. ref'd) (not designated for publication) (Declining to address complaint that Lamey's "'right to due process was violated, where the decision to adjudicate was based on' certain conduct.'"); *see also Coffey v. State*, No. 13-06-00408-CR, 2007 Tex. App. LEXIS 5643, at *3-4 (Tex. App.—Corpus Christi July 19, 2007, no pet.) (not designated for publication) (Declining to consider complaint that the trial court "violated [Coffey's] right to due process by allowing the State at the adjudication hearing to present evidence on allegations it had previously abandoned."); *Moore v. State*, No. 05-05-01389-CR, 2006 Tex. App. LEXIS 5948, at *2 (Tex. App.—Dallas July 11, 2006, no pet.) (not designated for publication) (Declining to address complaint that the trial court "violated [Moore's] due process rights by proceeding to an adjudication of guilt…based upon allegations concerning conduct that occurred before [he] was even placed on probation.").

Accordingly, we dismiss Smith's sole issue and this appeal for want of jurisdiction.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Dismissed
Opinion delivered January 20, 2010
Do not publish
[CR25]