

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00370-CR

JOSHUAH DYLAN DRIGGERS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1349534D

----------

### MEMORANDUM OPINION[1]

----------

On March 21, 2014, as part of a plea-bargain agreement, Appellant Joshuah Dylan Driggers pleaded guilty to theft of property valued at $1,500 or more but less than $20,000. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2014). The trial court assessed a $300 fine and ordered Appellant to pay $289 in court costs and $800 in attorney's fees. In accordance with the

---

[1]*See* Tex. R. App. P. 47.4.

agreement, the trial court deferred adjudicating his guilt, and placed him on community supervision for three years. The trial court certified that Appellant had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2). On April 15 and May 1, 2014, the trial court supplemented Appellant's community-supervision terms. On September 10, 2014, the trial court held a hearing to determine the appropriate amount of restitution. *See* Tex. Code Crim. Proc. Ann. art. 42.037 (West Supp. 2014); Tex. Penal Code Ann. § 31.08 (West 2011). Based on the admitted evidence, the trial court ordered restitution in the amount of $4,031.31.

Appellant filed a notice of appeal on September 10, 2014, and amended the notice on September 12, 2014 to specify that he was appealing "the Judge's Ruling in the Restitution Hearing." On October 10, 2014, Appellant filed a motion to withdraw his notice of appeal in the trial court, stating that he "no longer wants to pursue this appeal." The trial court granted the motion and ordered the notice of appeal "withdrawn." On January 27, 2015, we notified Appellant that because the trial court certified that he had no right to appeal, we would dismiss his appeal unless he responded showing grounds to continue the appeal. *See* Tex. R. App. 25.2(d), 44.3. Appellant did not respond.

We first note that a trial court does not have jurisdiction to grant a motion to withdraw a notice of appeal. *See Inyang v. State*, No. 14-04-00925-CR, 2004 WL 2251590, at *1 (Tex. App.—Houston [14th Dist.] Oct. 7, 2004, no pet.) (mem. op., not designated for publication). Appellant's motion to withdraw in the trial court and the trial court's order granting that motion do not affect our

jurisdiction. Further, Appellant's motion to withdraw did not comply with rule 42.2(a) because it was not signed by Appellant. Tex. R. App. P. 42.2(a). Thus, we will not rely on the motion to withdraw and the trial court's order in determining our jurisdiction. *See Hall v. State*, No. 12-14-00105-CR, 2014 WL 2003112, at *1 n.1 (Tex. App.—Tyler May 14, 2014, no pet.) (mem. op., not designated for publication).

On March 21, 2014, Appellant pleaded guilty and was placed on community supervision under a plea-bargain agreement. In a plea-bargain case for deferred-adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred-adjudication community supervision. *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Therefore, the trial court's certification that Appellant did not have permission to appeal operates as a bar to this court's jurisdiction. *See* Tex. R. App. P. 25.2(d); *Todd v. State*, No. 04-07-00335-CR, 2007 WL 1609592, at *1 (Tex. App.—San Antonio June 6, 2007, no pet.) (mem. op., not designated for publication). To the extent Appellant attempted to appeal from the order modifying the terms of his community supervision, we do not have jurisdiction to consider such rulings. *See Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006). Thus, in accordance with the trial court's certification, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

PER CURIAM

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and SUDDERTH, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 2, 2015