**DISMISSED and Opinion Filed May 21, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00464-CR

**MAYRA SIFUENTES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-59890-Q**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Pedersen, III
Opinion by Chief Justice Burns

Mayra Sifuentes filed her notice of appeal on April 22, 2019. The clerk's record shows that, on February 20, 2019, appellant pleaded guilty to possession of less than one gram of methamphetamine in exchange for the State's recommendation she be given deferred adjudication for four years. As part of the plea bargain agreement, appellant waived her right to appeal. That same day, the trial court accepted the plea, placed her on four years deferred adjudication probation, determined the conditions of community supervision, and certified that appellant had no right to appeal under the terms of the plea bargain agreement. On March 15, 2019, the trial court entered an order modifying the conditions of her community supervision. Appellant's notice of appeal states she is appealing from the "Conviction Date: March 15, 2019." For the reasons that follow, we dismiss this appeal for want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02); TEX. R. APP. P. 25.2(a). In a plea-bargain case—"a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor

and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). When an appellant waives her right to appeal as part of her plea bargain agreement with the State, a subsequent notice of appeal filed by her fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Here, appellant entered into a plea agreement with the State, agreeing to plead guilty in exchange for the State's recommendation that she be placed on deferred adjudication for four years. She also waived her right to appeal. The trial court followed the plea bargain agreement and placed appellant on deferred adjudication for four years. The trial court's certification of appellant's right to appeal reflects the case involves a plea bargain agreement and appellant has no right to appeal. Under these circumstances, we conclude we lack jurisdiction over this appeal.

Furthermore, to the extent appellant seeks to appeal the trial court's March 15th order modifying the terms and conditions of her community supervision, we lack jurisdiction. With regard to deferred adjudication, the Texas Legislature has authorized appeal of only two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment accompanying an adjudication of guilt. *Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006). Orders modifying the terms or conditions of deferred adjudication are not in themselves appealable. *Id*.

We dismiss this appeal for want of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190464F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MAYRA SIFUENTES, Appellant

No. 05-19-00464-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-59890-Q.
Opinion delivered by Chief Justice Burns. Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered May 21, 2019