

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00339-CR

Rodolfo **MEZA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR0543
Honorable Jennifer Pena, Judge Presiding

PER CURIAM

Sitting:  Beth Watkins, Justice
          Liza A. Rodriguez, Justice
          Lori I. Valenzuela, Justice

Delivered and Filed: July 20, 2022

DISMISSED FOR WANT OF JURISDICTION

The trial court deferred adjudication and placed appellant on community supervision in the underlying cause on February 22, 2021. Because appellant did not file a motion for new trial, the notice of appeal was due by March 24, 2021. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due by April 8, 2021. TEX. R. APP. P. 26.3. Appellant filed a pro se notice of appeal on June 8, 2022. Because the notice of appeal was untimely filed, this court ordered appellant to show cause in writing by July 22, 2022 why this appeal should not be dismissed for lack of jurisdiction.

On July 11, 2022, appellant's appointed counsel filed a response noting that the trial court signed orders amending appellant's community supervision on June 9, 2021, February 9, 2022, and May 2, 2022. Counsel also noted, however, that those orders are not appealable. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). Counsel therefore conceded that appellant's June 8, 2022 pro se notice of appeal from the trial court's order of deferred adjudication was not timely filed and that "this court of appeals has little choice but to dismiss the instant attempted appeal."

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Id.* Accordingly, because appellant did not file a timely notice of appeal or request for extension of time to file a notice of appeal, we have no choice but to dismiss this appeal for want of jurisdiction. *See id.* We note that nothing in our opinion or order prevents appellant from seeking an out-of-time appeal by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.[1] *See id.* at 525 n.8; *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Jones v. State*, 98 S.W.3d 700, 702–04 (Tex. Crim. App. 2003).

PER CURIAM

DO NOT PUBLISH

---

[1] We further note, however, that the trial court's certification in this appeal states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).